IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LUIS VARGAS, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 4:16-cv-00013 |
| | ) | |
| vs. | ) | |
| | ) | |
| AISIN U.S.A. MFG., INC., | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Luis Vargas, is a resident of Jackson County in the State of Indiana and former employee of Defendant.

2. Defendant, Aisin U.S.A. MFG, Inc. (hereinafter "Aisin"), is a corporation doing business and employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Mr. Vargas filed a Charge of Discrimination (Charge 470-2015-00101) with the Equal Employment Opportunity Commission ("EEOC") on or about October 24, 2014 alleging, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and the Americans with Disabilities Act, 29 U.S.C. §1630*, et. sec*.

4. The Equal Employment Opportunity Commission issued to Mr. Vargas a 90-day Right to Sue letter on October 29, 2015.

5. Mr. Vargas invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a Mexican-American male who is/was employed as a material handler for Defendant.

8. The Defendant is a manufacturer of automobile components.

9. On or about June 2014, Defendant Plaintiff sustained an on-the-job injury and made a claim for workers compensation benefits.

10. Plaintiff was released to return to work on July 25, 2014 with restrictions limiting the amount of weight Plaintiff was allowed to lift.

11. The Defendant refused to honor Plaintiff's restrictions which were revised in August of 2014, at which time Defendant sent Plaintiff home and refused to allow him to work.

12. After Plaintiff returned to work, he was subjected to hostile work environment based to his national origin and called derogatory names related to his national origin.

## COUNT I

13. Plaintiff incorporates by reference Paragraphs one (1) through twelve (12) above.

14. Defendant discriminated against Mr. Vargas on the basis of his national origin when it subjected him to a hostile work environment.

15. Defendant was sent home and not allowed to work despite the fact that he was able.

16. Mr. Vargas' national origin was the motivating factor in Defendant's refusal to honor his restriction and allow him to work.

17. These actions violated Mrs. Vargas' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

18. As a result of the foregoing, Mr. Vargas has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

19. As a result of Defendant's actions, Mr. Vargas has incurred attorney fees and costs.

20. Defendant's actions were done with malice or willful reckless disregard to Mr. Vargas' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

21. Plaintiff incorporates by reference Paragraphs one (1) through twenty (20) above.

22. Defendant suffers from a disability as defined by the Americans with Disabilities Act, namely spondyloslisthesis.

23. Defendant discriminated against Mr. Vargas on the basis of his disability or perceived disability when it refused to honor his restrictions, thereby denying him a reasonable accommodation.

24. Plaintiff was able to perform the essential elements of his job with reasonable accommodation.

25. Defendant further discriminated against Mr. Vargas on the bases of his disability, or perceived disability, when it refused to allow him to work.

26. Mr. Vargas' disability was the motivating factor in Defendant's decision to send Plaintiff home rather than allow him to work with restrictions.

27. Similarly situated nondisabled employees were treated more favorably than Plaintiff.

28. These actions violated Ms. Vargas' rights and were in violation of the Americans with Disabilities Act, 29 U.S.C. §1630 *et seq*.

29. As a result of the foregoing, Mr. Vargas has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

30. As a result of Defendant's actions, Mr. Vargas has incurred attorney fees and costs.

31. Defendant's actions were done with malice or willful reckless disregard to Mr. Vargas' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT III

32. Plaintiff incorporates by reference Paragraphs one (1) through thirty-one (31) above

33. Plaintiff exercised his statutory right to report a work-related injury and sought compensation for that injury under the Indiana Worker's Compensation Statute.

34. Defendant contravened the Indiana Workers' Compensation Statute when it refused to adhere to Plaintiff's restrictions and then sent him home.

35.     Defendant's refusal to allow Plaintiff to work with his restriction for reporting a work-related injury and making a claim for the same is contrary to public policy and actionable under common law.

36.     As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, last wages and benefits.

WHEREFORE, Plaintiff prays for judgment against Defendant, for reinstatement, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax